UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
LEENA CHOKSI and VIKAS CHOKSI,      )
                                    )
          Plaintiffs,               )
                                    )
          v.                        )    CIVIL ACTION NO.
                                    )    16-12340-WGY
RUPAL TRIVEDI, et al.,              )
                                    )
          Defendants.               )
_____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                          April 4, 2017

For the reasons set forth below, the Court (i) grants the
plaintiffs' motions for leave to proceed in forma pauperis;
(ii) directs the plaintiffs to show cause why this action should
not be dismissed; and (iii) denies the plaintiffs' motions for
appointment of counsel.

**I.   Background**

On November 18, 2016, Leena Choksi ("Leena") and her adult
son Vikas Choksi ("Vikas"), filed a self-prepared complaint in
which they allege that three individuals--Anantvijay Trivedi
("Anantvija"), Dharmista Trivedi ("Dharmista"), and their
daughter Rupal Trivedi ("Rupal") were responsible for the sexual
exploitation and abuse of Vikas in 1988.  At that time, Vikas was
15 years old and all the parties lived in India.  Presently, the
plaintiffs live in Washington state and Rupal lives in Lowell
Massachusetts.  The plaintiffs acknowledge that Rupal's mother,
Dharmista, is deceased.  See Compl. at 7, ¶ 3.  Public media

reports suggest that Anantvijay passed in September 2016.[1]

According to the allegations in the complaint, which the Court assumes to be true for purposes of present review of the sufficiency of the pleading, all three defendants manipulated Vikas to have a sexual relationship with Rupal, notwithstanding that he did not want to. Rupal was less than a year older than Vikas and he viewed her as a sister rather than as a romantic interest. Vikas was uncomfortable when Rupal started to make advances to him, and sought advice from Rupal's father, whom Vikas thought of as a "guru." Anantvijay told Vikas that there was nothing wrong with Rupal and Vikas being sexually intimate and that sexual relationships bring enlightenment. Reluctantly, Vikas had sexual intercourse with Rupal on two occasions, believing that it was a religious exercise and that it would be a "sin" to not follow the directions of Rupal's father. Vikas's mother was unaware of the situation at the time.

In 1989 Rupal and her parents immigrated to the United States. At some point, Vikas and his mother immigrated to the United States. As an adult, he had a car accident in the United States which resulted in him undergoing a psychological evaluation. During this process, he realized for the first time that Rupal and her family abused and harmed him and that the

---

[1] See "Obituary for Anantvijay M. Trivedi" on the website of Driscoll Funeral Home, available at http://driscollfuneralhome.tributes.com/obituary/read/Anantvijay-M.-Trivedi-103904293 (last visited Mar. 27, 2017). In light of this document, the Court will assume that Anantvijay is deceased. However, the plaintiffs are free to rebut this assumption.

sexual relationship into which he had been manipulated had nothing to do with religion or karma.  He also understood that he had been suffering from Post Traumatic Stress Disorder from these events that happened in his childhood.

After this discovery, Vikas shared with his family what had happened between him and Rupal.  His mother then understood why he had changed from a "happy go lucky" child to one that was no longer emotionally close to his family, why his personality had changed, why his memory and concentration had declined, and why he had dropped out of medical school.

The plaintiffs seek damages in the amount of $10 million. They invoke the Court's diversity subject matter jurisdiction. In the body of the complaint and in separate motions, the plaintiffs seek appointment of counsel.

## II.  Discussion

### A.    Motion for Leave to Proceed <u>In Forma Pauperis</u>

Upon review of th plaintiffs' motions for leave to proceed <u>in forma pauperis</u>, the Court concludes that they are without income or assets to pay the $400.00 filing fee.  The motions are therefore granted.

### B.   Screening of the Action

When a plaintiff is allowed to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint <u>sua sponte</u> if the claims

therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

For the reasons set forth below, the plaintiffs have failed to state a claim upon which relief may be granted.

### 1.    Choice of Law

Because the plaintiffs' action does not arise under federal law, the Court must consider which law it should apply in determining the sufficiency of the complaint.  A federal court sitting in diversity jurisdiction must employ the choice-of-law principles of the forum state.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Thus, the Court looks to Massachusetts conflicts law to determine what law should apply. In choice of law matters, Massachusetts "look[s] to [its] established 'functional' choice of law principles and to the Restatement (Second) of Conflict of Laws [1971] [("Restatement")], with which those principles generally are in accord." Hodas v. Morin, 442 Mass. 544, 549 (2004).  More specifically, in regards to the instant action, the Court must inquire what law concerning the statute of limitations and the survival of an action would apply.

### 2.    Statute of Limitations

Under the "functional" choice of law principles, a

Massachusetts court will apply its own statute of limitations unless "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Anderson v. Lopez, 80 Mass. App. Ct. 813, 815 (2011) (quoting Restatement (revised 1988)).

Both prongs of this test are met in this case. Massachusetts does not have an interest in application of its own statute of limitations because all of the alleged misconduct occurred in India decades ago when all the parties resided in that country. The only reason the action can be brought in Massachusetts is because the defendants happen to live here presently.

Further, under Indian law, the claim is time-barred. India's Limitation Act, 1963 (No. 36 of 1963),[2] contains a schedule of the period of limitations for certain enumerated torts, the most applicable of which is for "an illegal, irregular or excessive distress." The Limitation Act, 1963 (No. 36 of 1963) (Schedule Item No. 79). The time for filing an action for this tort is one year from the date of distress. See id. The Limitation Act also contains a three-year period of limitations for torts that are not specifically mentioned therein, which time period is calculated from when the right to sue accrues. See id.

---

[2] Available at http://lawmin.nic.in/ld/P-ACT/1963/A1963-36.pdf (last visited Apr. 3, 2017).

5

(Schedule Item No. 113).  Under either of these periods of
limitations, the plaintiffs' claims are untimely.[3]

### 3.  Survival of Actions

Moreover, the claims against Anantvijay and Dharmista, the
parents of Rupal are subject to dismissal because the claims did
not survive the death of these defendants.  As noted above, the
plaintiffs acknowledge that Dharmista is deceased and it appears
that Anantvijay has also passed.  Thus, for purposes of this
memorandum and order, the Court will assume that the plaintiffs
are attempting to assert claims against the estates of Anantvijay
and Dharmista.[4]

The plaintiffs have not alleged that, under Indian law,
claims against Anantvijay and Dharmista for their conduct in the
1980's would survive their death decades later.

Under the Restatement, "[t]he law selected by application
of the rule of § 145 determines whether a claim for damages for a
tort survives the death of the tortfeasor or of the injured
person."  Restatement § 167.  In turn, Section 145 of the
Restatement provides the general principle applicable to torts,

---

[3]Even assuming, arguendo, that the relevant period of
limitation did not commence until the plaintiffs realized that
the defendants conduct was wrongful, the plaintiffs have not
identified the date of that event.  Further, they represent in a
letter filed in another federal court in July 2016 that they had
been speaking with attorneys for two to three years at that
point.  See Choksi v. Trivedi, C.A. No. 16-05600-RBL (W.D. Wash.
July 7, 2016) (Docket Entry No. 2-1 at 2).

[4]"[A] complaint brought against a deceased person cannot be
maintained because it is, 'in truth, brought against nobody.'"
White v. Helmuth, 45 Mass. App. Ct. 634, 635 n.2 (1998) (quoting
Chandler v. Dunlop, 311 Mass. 1, 15 (1942)).

and § 146 provides a principle applicable to causes of action
involving personal injury.  <u>See</u> <u>Cosme v. Whitin Mach. Works,</u>
<u>Inc.</u>, 417 Mass. 643, 646-47 (1994).  In regards to choice of law
for tort actions, the relevant considerations are:

    (a)  the place where the injury occurred,

    (b)  the place where the conduct causing the injury
        occurred,

    (c)  the domicile, residence, nationality, place of
        incorporation and place of business of the
        parties, and

    (d)  the place where the relationship, if any, between
        the parties is centered.

Restatement § 145(2).  In an action for personal injury,[5] "the
local law of the state where the injury occurred determines the
rights and liabilities of the parties, unless, with respect to
the particular issue, some other state has a more significant
relationship . . . to the occurrence and the parties."
Restatement § 146.

    Applying the principles set forth in these two sections, it
is clear that the last of India, rather than the law of
Massachusetts, should be applied in determining whether the
defendants' alleged conduct gives rise to a cause of action by
the plaintiff.  The injury and the conduct causing the injury
occurred in India.  All the parties were domiciled in India at
the time of the relevant events occurred in India.  The parties'

---

     [5]As used in the Restatement, a "'personal injury' may
involve either physical harm or mental disturbance, such as
fright and shock, resulting from physical harm or from threatened
physical harm or other injury to oneself or to another."
Restatement § 146 cmt. b.

relationship to each other centers around India, notwithstanding the fact that they all presently reside in India.

India's law concerning the survival of actions bars the claims against Anantvijay and Dharmista.  Under India's Legal Representatives Suits Act, 1855, as amended by the Limitation Act, 1963, an action may be maintained against the executor or representative of an estate for wrongs committed within one year before the death of the alleged wrong-doer.[6]  Because the complaint concerns alleged events decades before the deaths of Anantvijay and Dharmista, the plaintiffs cannot pursue claims against their estates.

## C.    Motions for the Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases.  The Court must rely on attorneys who volunteer to provide their services on a pro bono basis.  To qualify for

_____

[6]Under the Legal Representatives' Suits Act, 1855:

[A]n action may be maintained against the Executors or Administrators or Heirs or Representatives of any person deceased for any wrong committed by him in his life time for which he would have been subject to an action, so as such wrong shall have been committed within one year before such person's death . . . .

The Legal Representatives' Suits Act, 1855 (No. 12 of 1855) (emphasis added), available through http://indiacode.nic.in/ (last visited Apr. 3, 2017).

this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See <u>DesRosiers</u>, 949 F.2d at 23.

Here, there are no exceptional circumstances that would justify the appointment of <u>pro bono</u> counsel.  As explained above, the plaintiffs have failed to state a claim upon which relief may be granted.  While the Court will give the plaintiffs an opportunity to object to that conclusion, it is not apparent that the defects identified by the Court can be cured. Accordingly, the motions for appointment of counsel are DENIED.

<u>**ORDER**</u>

Accordingly:

1.    The motions for leave to proceed <u>in forma pauperis</u> are GRANTED.

2.    The motion for appointment of counsel are DENIED.

3.    The plaintiffs are ordered to show cause, within thirty-five (35) days, why this action should not be dismissed for the reasons set forth above.  Failure to do so will result in dismissal of the action.

SO ORDERED.

            /s/ William G. Young
            WILLIAM G. YOUNG
            UNITED STATES DISTRICT JUDGE